GEORGE W. STEDMAN, as Assignee, etc., Appellant, *v.* JOHN BATCHELOR, as Sheriff, etc., Respondent.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Chattel mortgage.    Validity.*—A covenant in a chattel mortgage to keep about the same amount of stock on hand does not necessarily amount to an authority to the mortgagor to sell for his own benefit, so as to render the mortgage fraudulent as matter of law.   The question of fraud as against creditors, in such case, should be submitted to the jury.

2. *Appeal.    New trial.    Grounds stated.*—The question, whether the verdict is contrary to evidence, is not brought up for review, where the record fails to show the grounds, on which a motion upon the minutes for a new trial, was made.   The grounds for the new trial should be stated.

Appeal from a judgment entered upon verdict for defendant at Oneida circuit, November, 1887.

Also appeal from order denying motion on the minutes for a new trial.

The controversy is over a quantity of goods claimed by the plaintiff under a general assignment to him by Charles E. Stedman, dated September 30, 1886, and claimed by defendant under a chattel mortgage given by Charles E. Stedman to Reuben R. Richmond, bearing date June 30, 1886.

On the 1st of April, 1885, Richmond, being then the owner of a store of goods at Lee Centre, sold the same to Charles E. Stedman, taking back a chattel mortgage on the goods sold for $1,175, part of the purchase money, payable one year from date.   On the 1st of October, 1885, the principal of the debt having been reduced to $1,100, a new mortgage was given upon the goods in the store to secure that amount, payable in six months.   On the 30th of June, 1886,

the principal having been reduced to $900, a new mortgage was given for that amount, payable in three months, with privilege of payment in sums of fifty dollars or more. Each of the mortgages had the following clause : " Party of the first part to keep goods in store insured in some good company in the sum of $1,500, payable to said Richmond as his interest may appear, party of the first part to keep about same amount of stock on hand."

The description of the property in each mortgage was general, in the last it being described as follows : " All the dry goods, groceries and general merchandise now in the store rented and occupied by me, of said Richmond, in Lee Centre, and consisting of such property as is kept in such store." The mortgages were all duly filed. Richmond, at the time of the original sale, gave to Stedman a lease of the store running several years.

On the 30th of September, 1886, Richmond, by his agent, demanded of the mortgagor at the store the money on the mortgage or the possession of the goods. Both were refused. In the afternoon of the same day the mortgagor executed and delivered to the plaintiff a general assignment for the benefit of creditors. This was recorded the next day at 1:45 p. m. The assignee claims to have taken possession on the evening of September 30th. In the forenoon of the next day the defendant by his deputy, having replevin papers for the goods covered by the mortgage in an action by Richmond against Charles E. Stedman, went to the store and took possession of the property here in controversy. Afterwards in due time the present plaintiff, under the provisions of § 1709 of the Code, served an affidavit and demand upon the sheriff claiming the property under the general assignment. This being refused, the present action was brought against the sheriff for the conversion of the goods.

*Oswald P. Backus*, for appellant.

*Sayles, Searls & Sayles*, for respondent.

MERWIN, J.—The record before us does not show the grounds upon which the motion upon the minutes for a new trial was made. The question, therefore, whether the verdict was contrary to evidence, is not here for decision. Hinman *v.* Stillwell, 34 Hun, 180. The exceptions taken in the case can, however, be considered.

Two questions were litigated at the trial : *First*, whether the chattel mortgage of 30th of June, 1886, was fraudulent and void as against creditors ; and, *second*, whether at the time the sheriff took the property, it was in the possession of Charles E. Stedman, the defendant in the process the sheriff held. At the close of the evidence the plaintiff asked the court to direct a verdict for the plaintiff upon the ground that upon the undisputed evidence the mortgage was fraudulent and void as to creditors, and the property was not in the possession of Charles E. Stedman. This request the court denied and the plaintiff excepted. The question here is whether the exception is a good one as to either of the propositions. The claim of the defendant is that both were for the jury and not for the court to decide.

Upon the latter proposition the deputy sheriff who had the process testified that before he took the property upon the morning of October 1st, he saw the plaintiff and asked him if he had anything to do with the store and he replied that he had nothing to do with it at all ; that he then told plaintiff he had some papers in the Richmond matter and plaintiff replied that he, witness, " would have to see Charley about it." If this testimony was true, the inference would be allowable that the actual possession was still in Charles E., and if so, the officer would be justified, so far as that was concerned, in taking the property on his process. Bullis *v.* Montgomery, 50 N. Y. 352. Whether the deputy testified truly was for the jury to decide. That question was, therefore, properly left to the jury.

Upon the other question there is some doubt. The argument of the plaintiff is that the clause in the mortgage,

" to keep about the same amount of stock on hand," by necessary implication gave the mortgagor authority to sell for cash, or on credit, provided only he kept the same amount on hand, and that such an authority or agreement on the face of the mortgage makes it void as matter of law. The case of Edgell *v.* Hart, 9 N. Y. 213, is claimed to be in point. There the purchaser of a stock of goods in a retail store executed to the vendor a mortgage upon the entire stock, the mortgage also including in its terms all articles of a like nature which might be in the store at the time of default, the mortgagor to continue in possession, but being forbidden by a clause in the mortgage from selling on credit. It was held that the mortgage was in its terms fraudulent as against creditors and that there was no question to be submitted to a jury in regard to it. The clause as to selling on credit, was, " said party of the first part not to sell any of the said goods upon credit." This, Judge DENIO said, by a necessary implication authorized the mortgagor to sell for cash, and he was of the opinion that this right to sell, if it stood alone, would vitiate the mortgage. In Mittnacht *v.* Kelly, 3 Keyes, 407, the mortgage covered the whole stock of trade in goods, wares and merchandise with the increase and decrease thereof. This was held to be void on its face as it showed an intent not to create an absolute lien, but a fluctuating one, that should open to release that which should be sold and take in what should be newly purchased. In Griswold *v.* Sheldon, 4 N. Y. 581, the mortgage contained on its face a provision, that the mortgagor should " keep a good and full assortment of goods, groceries, etc., during the time he remains in said store and until " the plaintiff's debt should be fully paid. The court were equally divided on the question whether this mortgage was upon its face void as to creditors. The case in hand is somewhat different from the first two cases cited, and is more analogous to the last one.

By the statute, 4 R. S., 2593, § 4, the question of fraudu-

lent intent in cases like the present is made a question of fact and not of law. Still there are cases where the court is required to declare the fact, as where the question depends upon the effect of a written instrument, or when it arises upon an admitted or undisputed state of facts necessarily showing fraud. DENIO, J., in Ford v. Williams, 24 N. Y. 364. In Chatham National Bank v. O'Brien, 6 Hun, 231; 1 W. Dig. 557, the rule is laid down that it is only where an agreement either appears in the mortgage or was clearly expressed between the parties, the necessary construction of which permits the sales to be made for the benefit of the mortgagor, that the question becomes one purely of law which the court is required to determine as such.

In the present case the question whether there was any agreement, outside of the mortgage, that the mortgagor might sell for his own benefit, was a disputed one. The mortgagee testified there was none. True, it may be said that both sides expected a retail store would be carried on, and of course more or less of the goods sold and in one sense necessarily for the mortgagor's benefit.

This might be said in every case where a stock of goods is sold and a mortgage taken back for the purchase price. Still no case is cited showing that in such a case, for that circumstance alone, the mortgage must be held fraudulent as matter of law. So that the question here is simply on the effect of the clause in the mortgage, " to keep about the same amount of stock on hand." Does this necessarily amount to an authority to the mortgagor to sell for his own benefit?

The circuit judge thought it did not under the circumstances of the case, and I think his ruling should not be disturbed. There is no other exception that requires special consideration.

It follows the judgment should be affirmed.

Judgment and order affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concur in the result.

### Note on " Agreement to Dispose of Mortgaged Property."

A chattel mortgage is not void because the mortgagors agree to mortgage the new stock. Hincks *v.* Field, 60 Hun, 576.

That the mortgagor deals with the mortgaged property as his own, does not make the mortgage void on its face. Id.

A chattel mortgage is fraudulent where the mortgagor deals with the property as his own, with the assent of the mortgagee. Cook *v.* Bennett, 60 Hun, 8.

Permission to sell the goods under an agreement to apply the proceeds on the chattel mortgage does not render it void. Spaulding *v.* Keyes, 52 Hun, 612.

The facts, in this case, were held not to render the chattel mortgage void for fraud, as matter of law. Spaulding *v.* Keyes, 125 N. Y. 112; aff'g 52 Hun, 612.

The right of sale by the mortgagor for his own use, by an agreement in or out of the mortgage, vitiates it. Hangen *v.* Hachemeister, 114 N. Y. 566; aff'g 52 Supr. 532. The agreement, not the sale, makes it void. Id.

Where the execution of a chattel mortgage is not accompanied by immediate delivery or followed by an actual or continued change of possession of the mortgaged chattels, and the mortgage was executed upon an agreement that the mortgagor might remain in the possession and sell the property at retail, in substantially the same manner as before the execution of the mortgage, and use the avails, it is void as to creditors of the mortgagor who were such while the chattels remained in the possession of the latter under the agreement, though they did not obtain judgment or a specific lien until after the delivery of the property to the mortgagee. Mandeville *v.* Avery, 124 N. Y. 376; Gardner *v.* McEwen, 19 Id. 123; Russell *v.* Winne, 37 Id. 591; Southard *v.* Benner, 72 Id. 424; Potts *v.* Hart, 99 Id. 168; Brackett *v.* Harvey, 25 Hun, 502; Bainbridge *v.* Richmond, 47 Id. 391.

A chattel mortgage, in the absence of an agreement between the mortgagor and mortgagee that the former might deal with the property as his own, is not rendered void by the fact that the property was so treated. Vreeland *v.* Pratt, 63 Hun, 626; Hangen *v.* Hachemeister, 114 N. Y. 566; Brackett *v.* Harvey, 91 N. Y. 214; Hincks *v.* Field, 60 Hun, 576.

See note in 1 Sil. (Ct. of App.) 423.